## QUINTY PRESLEY v. STATE.

No. A-154. Opinion Filed November 23, 1910.

(111 Pac. 1019.)

APPEAL—Briefs—Time for Filing  Briefs must be filed within the time prescribed by the rules, or an extension of time should be applied for; otherwise, they will be stricken from the record.

(Syllabus by the Court.)

*Appeal from District Court, Le Flore County; Malcolm E. Rosser, Judge.*

Quinty Presley was convicted of harboring a criminal charged with a felony, and he appeals. Amended and affirmed.

*J. E. Whitehead,* for plaintiff in error.

*Smith C. Matson,* Assistant Attorney General, for the State.

FURMAN, PRESIDING JUDGE. The case-made was filed in this court on the 1st day of May, 1909. On the 14th day of May, 1910, the Attorney General filed a motion to dismiss the appeal, because no briefs on the part of the plaintiff in error had ever been filed in this court. On June 7, 1910, this motion was submitted to the court; but, owing to the great press of business and the sickness of one of the judges, the court has not been able to dispose of the motion. On July 26, 1910, six weeks after the motion was submitted, without obtaining permission of the court, and without making any explanation why the brief was not filed

within the time required by law, an attempt was made to file a brief on behalf of the plaintiff in error.

This brief comes too late to be considered by this court. It is useless to prescribe a time within which briefs must be filed, if the rule can be disregarded, as it has been in this case. The court has already been greatly hindered in its work by failure to have briefs on file when cases are reached for submission. We therefore find it imperatively necessary to enforce the rule. This court cannot wait always on the convenience for counsel.

We have examined the record carefully. The information is· in proper form, the evidence is amply sufficient to sustain the verdict, the charge of the court is correct, and the judgment is regular. We do not find that any reversible error was committed on the trial.

The judgment of the trial court is amended, so as to provide for the confinement of the defendant in the state penitentiary at McAlester. The judgment is affirmed.

DOYLE and RICHARDSON, JUDGES, concur.